**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ELITE GAMING TECH, LLC., | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| ZTE CORPORATION, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Elite Gaming Tech LLC ("EGT" or "Plaintiff") for its Complaint against Defendant ZTE Corporation ("ZTE" or "Defendant") alleges as follows:

**THE PARTIES**

1.      EGT is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 102 East Crockett Street, Marshall, Texas 75670.

2.      Upon information and belief, ZTE Corporation is a corporation organized and existing under the laws of China, with its principal place of business located at 55 Hi-Tech Road, South Nanshan District, Shenzhen, 518057 P.R. China, and may be served pursuant to the provisions of the Hague Convention.  ZTE is a leading manufacturer and seller of smartphones and tablets in the world and in the United States.  Upon information and belief, ZTE does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6.      Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7.      On March 16, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,679,604 (the "'604 Patent") entitled "Method and Apparatus for Controlling a Computer System."  A true and correct copy of the '604 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=07679604.

8.      On August 6, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,502,775 (the "'775 Patent") entitled "Method and Apparatus for

Controlling a Computing System."  A true and correct copy of the '604 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=08502775.

9.      EGT is the sole and exclusive owner of all right, title, and interest in the '604 Patent and the '775 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  EGT also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

10.      EGT has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.  On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

11.      The Patents-in-Suit generally cover systems and methods for use in mobile devices, laptops, and phones.

12.      The '604 and '775 Patents relates to computer devices having modified one or more of the operating states or displayed content.  The technology described in the '604 and '775 Patents was developed by John T. Orchard and Christopher R. Uhlik.  For example, the technology is implemented by infringing laptops and PCs that contain motion detection sensors and a motion control agent which modify one or more of the operating states of the computing device based on input from motion detectors.

13.      ZTE has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products including, but not limited to, ZTE phones including, but not limited to, the ZTE Quest 5, ZTE Blade A3 Prime, ZTE Blade 10 Prime, ZTE Blade A7 Prime,

ZTE Blade Vantage 2, ZTE Visible R2, ZTE ZFIVE G LTE, ZTE Avid 4, ZTE Overture 3, ZTE Blade X, ZTE Maven 3, ZTE Blade Z MAX, ZTE Blade X Max that infringe the Patents-in-Suit.

## COUNT I
### (Infringement of the '604 Patent)

14.     Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15.     EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '604 Patent.

16.     Defendant has and continues to directly infringe the '604 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '604 Patent.  On information and belief, such ZTE products include at least the ZTE laptops, tablets, and phones that contains a motion sensor to detect motion in one or more of six fields.

17.     For example, Defendant has and continues to directly infringe at least claim 1 of the '604 Patent by making, using, offering to sell, selling, and/or importing into the United States products that contain a motion sensor to detect motion in one or more of six fields.

18.     On information and belief, the accused ZTE laptops, tablets, and phones, such as the ZTE DuraForce XD, perform a method for controlling a computer device comprising sensing an initial motion of said computer device in an initial direction wherein the motion meets or exceeds an initial motion threshold, sensing a complimentary motion of said computer device in a reverse direction to the initial direction, wherein the complementary motion meets or exceeds a complementary motion threshold, and generating at least one control signal configured to modify an operating state of the device or contention being displayed by the device wherein, upon information and belief, sensing the initial motion and sensing the complementary motion occurs

before generating the control signal and wherein the initial or complementary motions comprise motion in one or more of at least six fields of motion, including lateral x, y, or z motion or rotational x, y, or z motion.

19.     Defendant has and continues to indirectly infringe one or more claims of the '604 Patent by knowingly and intentionally inducing others, including ZTE customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as a motion sensor to detect motion in one or more of six fields.

20.     Defendant, with knowledge that these products, or the use thereof, infringes the '604 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '604 Patent by providing these products to end-users for use in an infringing manner.

21.     Defendant induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '604 Patent, but while remaining willfully blind to the infringement.

22.     EGT has suffered damages as a result of Defendant's direct and indirect infringement of the '604 Patent in an amount to be proved at trial.

23.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '604 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '775 Patent)

24.     Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

25.     EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '775 Patent.

26.     Defendant has and continues to directly infringe the '775 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '775 Patent.  On information and belief, such ZTE products include at least the ZTE laptops, tablets, and phones that contain a motion sensor to detect motion in one or more of six fields.

27.     For example, Defendant has and continues to directly infringe at least claim 1 of the '775 Patent by making, using, offering to sell, selling, and/or importing into the United States products that contain a motion sensor to detect motion in one or more of six fields.

28.     On information and belief, the accused ZTE laptops, tablets, and phones, such as the ZTE DuraForce XD, perform a method sensing a combination of motion of a device by a motion detection device.  The ZTE DuraForce XD generates, in response to combination motion, a first control signal substantially related to the combination motion to modify content being displayed by the device.  The ZTE DuraForce XD receives input related to a position of a pointer on a display screen from a pointing device and generates, in response to the received input, a second control signal.  The ZTE DuraForce XD controls the display screen in response to the first control signal or the second control signal.  The combination motion includes an initial motion in an initial direction sequentially followed by a complementary motion in a complementary direction.  The initial motion or the complementary motion comprises motion in at least one of at least six fields of motion, including lateral motion about x, y, or z plans or rotational motion about x, y, or z axes.  Sensing the combination motion further comprises sensing that the initial motion

exceeds an initial motion threshold and sensing that the complementary motion exceeds a complementary motion threshold.  Upon information and belief, sensing the complementary motion further comprises sensing the complementary motion in a reverse direction to the initial direction.

29.     Defendant has and continues to indirectly infringe one or more claims of the '775 Patent by knowingly and intentionally inducing others, including ZTE customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as a motion sensor to detect motion in one or more of six fields.

30.     Defendant, with knowledge that these products, or the use thereof, infringe the '775 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '775 Patent by providing these products to end-users for use in an infringing manner.

31.     Defendants induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '775 Patent, but while remaining willfully blind to the infringement.

32.     EGT has suffered damages as a result of Defendant's direct and indirect infringement of the '775 Patent in an amount to be proved at trial.

33.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '775 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EGT prays for relief against Defendant as follows:

a.　　Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.　　An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

c.　　An order awarding damages sufficient to compensate EGT for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.　　Entry of judgment declaring that this case is exceptional and awarding EGT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.　　Such other and further relief as the Court deems just and proper.

Dated:  August 27, 2021　　　　　　　　　Respectfully submitted,

/s/ Vincent J. Rubino, III
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580

Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO LAW LLC**
830 Morris Turnpike
Short Hills, New Jersey 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
ELITE GAMING TECH LLC**